**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**
**0** Valuation of Security      **0** Assumption of Executory Contract or Unexpired Lease      **0** Lien Avoidance

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:    **Jorge E Nieves, Jr.**

Case No.: **17-12247**
Judge:

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS - AMENDED

☐ Original
☐ Motions Included

■ Modified/Notice Required
☐ Modified/No Notice Required

Date:

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance.** *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

■ DOES ☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ■ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

☐ DOES ■ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney **cis**     Initial Debtor: **JEN**     Initial Co-Debtor _____

## Part 1: Payment and Length of Plan

a. The debtor shall pay __141.00 Monthly*__ to the Chapter 13 Trustee, starting on ___ for approximately **60** months.

b. The debtor shall make plan payments to the Trustee from the following sources:
- ■ Future Earnings
- ■ Other sources of funding (describe source, amount and date when funds are available):**Personal injury & workers compensation case net non-exempt proceeds**

c. Use of real property to satisfy plan obligations:
- ■ Sale of real property
  Description:**202 Perry Street, Trenton, NJ**
  Proposed date for completion: **June, 2019**

- ☐ Refinance of real property:
  Description:
  Proposed date for completion:

- ■ Loan modification with respect to mortgage encumbering property:
  Description:**Debtor recieved a loan modification for 3 Manor House Drive, Ewing, NJ. Pre-petition mortgage arrears have been recapitalized into new loan note.**
  Proposed date for completion:

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection           X NONE

a. Adequate protection payments will be made in the amount of $___ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ___ (creditor).

b. Adequate protection payments will be made in the amount of $___ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ___ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---:|
| **Candyce SMith-Sklar** | **Attorney Fees** | 2,100.00 |
| **Ewing township sewer taxes** | **Taxes and certain other debts** | 200.00 |
| **IRS** | **Taxes and certain other debts** | 2,254.00 |

2

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
■ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ■ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ■ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

### c. Secured claims excluded from 11 U.S.C. 506: ■ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ■ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

3

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### e. Surrender ■ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|

### f. Secured Claims Unaffected by the Plan ☐ NONE

The following secured claims are unaffected by the Plan:

| Creditor |
|---|
| Albert Russo, Standing Chapter 13 Truste |
| Ditech |

### g. Secured Claims to be Paid in Full Through the Plan ■ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|

## Part 5: Unsecured Claims    ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $____ to be distributed *pro rata*

☐ Not less than ___ percent

■ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|

## Part 6: Executory Contracts and Unexpired Leases    X NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|

## Part 7: Motions    X NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ◼ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ◼ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ◼ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|

## Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
   - ◼ Upon Confirmation
   - ☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**

6)    **General Unsecured Claims**

   **d. Post-Petition Claims**

The Standing Trustee ☐ is, ■ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9: Modification   ■ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified:.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| **Modified plan to remove any pre-petition mortgage arrears since debtor recieved a loan modification. Sale of rental property extended to June, 2019.** | **Plan modified to remove any pre-petition mortgage arrears since debtor received a loan modification. Sale of rental property extended to June, 2019.** |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ■ No

### Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☐ NONE
■ Explain here:
**\*This plan is a step plan or has lumpsum payments as follows: $141.00 per month for 21 months, then $321.58 per month for 39 months**

**All non-exempt lawsuit proceeds to be paid to Trustee
June, 2019 is projected sale date for rental property
Debtor has available extensions through bankruptcy court.**

Any non-standard provisions placed elsewhere in this plan are ineffective.

### Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: **December 19, 2018**      **/s/ Jorge E Nieves, Jr.**
                                            **Jorge E Nieves, Jr.**
                                            Debtor

Date:

Joint Debtor

Date **December 19, 2018**      **/s/ Candyce SMith-Sklar**
                                            **Candyce SMith-Sklar**
                                            Attorney for the Debtor(s)

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 17-12247-KCF
Jorge E. Nieves, Jr.                                                      Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin              Page 1 of 2           Date Rcvd: Dec 21, 2018
                              Form ID: pdf901          Total Noticed: 42

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 23, 2018.
```
db             +Jorge E. Nieves, Jr.,    3 Manor House Drive,    Ewing, NJ 08638-1727
r              +Anna Appolonia,    Hertiage House Sotheby's Int't. Realty,    38 Main Street,
                 Holmdel, NJ 07733-2106
lm            ++++DITECH MORTGAGE,    332 MINNESOTA ST STE E610,    SAINT PAUL MN 55101-1311
                 (address filed with court: Ditech Mortgage,    332 Minnesota State,    Suite 610,
                 Saint Paul, MN 55101)
516630131      +Allen Gorski, Esq,    311 Whitehorse Ave., Suite A,    Trenton, NJ 08610-1430
516630132      +B&B Collections, Inc.,    PO Box 2137,    Toms River, NJ 08754-2137
516630133      +Capital Health System,    Attn: Patient Accounts,    1 Capital Way,    Pennington, NJ 08534-2520
516630134      +Capital Health System,    Attn: Patient Accoutns,    1 Capital Way,    Pennington, NJ 08534-2520
516767872       Capital One, N.A.,    c/o Becket and Lee LLP,    PO Box 3001,    Malvern PA 19355-0701
516630135      +Capital Pathology,    PO Box 789292,    Philadelphia, PA 19178-9292
516630136      +Children's Specialized Hospital,    PO Box 15391,    Newark, NJ 07192-5391
516630137      +Comprehensive Sleep Associates of NJ,    PO Box 8500-9052,    Philadelphia, PA 19178-0001
516630138      +Credit Control, LLC,    PO Box 488,    Hazelwood, MO 63042-0488
516630139      +D&S LTD,    13809 Research BLvd.,    Suite 800,    Austin, TX 78750-1211
516630140     ++++DITECH,    332 MINNESOTA ST STE E610,    SAINT PAUL MN 55101-1311
                 (address filed with court: Ditech,    332 Minnesota State  Suite 610,    Saint Paul, MN 55101)
516630141      +Ewing township sewer taxes,    2 Jake Garzio Drive,    Ewing, NJ 08628-1544
516642514      +Gorski & Knowlton PC,    311 Whitehorse Avenue,    Suite A,    Hamilton, NJ 08610-1430
516630142      +Horizon Blue Cross Blue Shield of NJ,    PO Box 10193,    Newark, NJ 07101-3117
516630143      +I.C. System, Inc.,    PO box 64373,    Saint Paul, MN 55164-0373
516630145      +Kols/capone,    N56 W 17000 Ridgewood Drive,    Menomonee Falls, WI 53051-5660
516630146      +Laboratory Corp of America Holdings,    PO Box 2240,    Burlington, NC 27216-2240
516630147      +Merchants & Medical Creditr Corp.,    6324 Taylor Drive,    Flint, MI 48507-4685
516630148      +Norma Lilia Chagoya-Garcia,    3 Manor House Drive,    Trenton, NJ 08638-1727
516630150      +Ocean Home Health,    QMES New Jersey Region,    PO Box 71413,    Philadelphia, PA 19176-1413
516630151      +Pleuse, Becker and Saltzman,    Attys for BNY/Mellon,    20000 Horizon Way, Suite 900,
                 Mount Laurel, NJ 08054-4318
516630152      +State of New Jersey,    DCA BHI DORES,    PO Box 662,    Trenton, NJ 08646-0662
516630153     #+Sure Recovery Service,    PO Box 818,    Jackson, NJ 08527-0818
516630154       Sweeney and Sheehan attys for Aguilar,    John M. Corcoran, ESq.,    Sentry Office Plaza,
                 216 Haddon Avenue, Suite 500,    Sewell, NJ 08080
517226662      +The Bank of New York Mellon,    PROBER & RAPHAEL, A LAW CORPORATION,
                 20750 Ventura Boulevard, Suite 100,    Woodland Hills, California 91364-6207
517261723      +The Bank of New York Mellon, et al,    c/o Carrington Mortgage Services, LLC,
                 1600 South Douglass Road,    Anaheim, CA 92806-5948
517261724      +The Bank of New York Mellon, et al,    c/o Carrington Mortgage Services, LLC,
                 1600 South Douglass Road,    Anaheim, CA 92806,    The Bank of New York Mellon, et al,
                 c/o Carrington Mortgage Services, LLC 92806-5948
516630155      +Trident Asst,    53 Perimeter Ctr E Ste 4,    Atlanta, GA 30346-2294
516630157      +United States Attorney General,    US Department of Justice,    Ben Franklin Station,
                 PO Box 683,    Washington, DC 20044-0683

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Dec 22 2018 01:08:06     U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Dec 22 2018 01:08:03     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
cr              E-mail/Text: cio.bncmail@irs.gov Dec 22 2018 01:07:07     Internal Revenue Service,
                 955 South Springfield Avenue,    Building A,    Springfield, NJ  07081
516756014       E-mail/PDF: resurgentbknotifications@resurgent.com Dec 22 2018 01:32:44
                 Ashley Funding Services, LLC,    c/o Resurgent Capital Services,    PO Box 10587,
                 Greenville, SC  29603-0587
516874894       E-mail/PDF: resurgentbknotifications@resurgent.com Dec 22 2018 01:13:51
                 Ashley Funding Services, LLC its successors and,    assigns as assignee of Laboratory,
                 Corporation of America Holdings,    Resurgent Capital Services,    PO Box 10587,
                 Greenville, SC  29603-0587
516677628      +E-mail/PDF: gecsedi@recoverycorp.com Dec 22 2018 01:14:04     Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
516870872      +E-mail/PDF: gecsedi@recoverycorp.com Dec 22 2018 01:12:57     Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk VA 23541-1021
516880103       E-mail/Text: bankruptcy.bnc@ditech.com Dec 22 2018 01:07:24
                 THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YO,    c/o Ditech Financial LLC,    PO Box 6154,
                 Rapid City, SD 57709-6154
516630156      +E-mail/Text: usanj.njbankr@usdoj.gov Dec 22 2018 01:08:06     United States Attorney,
                 Peter Rodino Federal Building,    970 Broad Street, Suite 700,    Newark, NJ 07102-2527
516872294      +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Dec 22 2018 01:14:27     Verizon,
                 by American InfoSource LP as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
                                                                                              TOTAL: 10
```

```
District/off: 0312-3          User: admin              Page 2 of 2             Date Rcvd: Dec 21, 2018
                              Form ID: pdf901          Total Noticed: 42


              ***** BYPASSED RECIPIENTS (continued) *****

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516630130         Albert Russo, Standing Chapter 13 Truste
cr*              +Gorski & Knowlton PC,    311 Whitehorse Avenue,    Suite A,    Hamilton, NJ 08610-1430
516630144*       +IRS,   PO Box 7346,    Philadelphia, PA 19101-7346
516630149      ##+Northland Group,    PO Box 129,    Thorofare, NJ 08086-0129
                                                                                            TOTALS: 1, * 2, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++++' were corrected as required by the USPS Locatable Address Conversion System (LACS).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 23, 2018                                     Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 19, 2018 at the address(es) listed below:
              Albert   Russo    on behalf of Trustee Albert   Russo docs@russotrustee.com
              Albert   Russo    docs@russotrustee.com
              Allen I Gorski    on behalf of Creditor    Gorski & Knowlton PC agorski@gorskiknowlton.com
              Candyce Ilene Smith-Sklar    on behalf of Debtor Jorge E. Nieves, Jr. mail@njpalaw.com
              Denise E. Carlon    on behalf of Creditor    The Bank of New York Mellon, Et Al...
               dcarlon@kmllawgroup.com,   bkgroup@kmllawgroup.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 6
```